## Mangus v. Mangus

*Agresti and Agresti,* for libellant.

EVANS, J., June 15, 1945.—This matter is before the court after report of the master, recommending a decree of divorce on the grounds of indignities and desertion.

The parties were married in LeRoy, N. Y., on April 24, 1919, but have not lived together since March 6, 1930. Libellant continued her residence in the State of New York until August 16, 1943, when she came to Erie and roomed at the home of Carmen Manna and his wife for one year and three weeks before executing the libel in this case on September 12, 1944. She has never worked nor voted while in Pennsylvania, but, according to the testimony, was given her board and room for services in and about the home of the people with whom she was staying. She visited Fredonia, N. Y., occasionally to see her mother, who is ill, but on only one occasion did she remain away over night, and that was to visit her husband at Rochester, and ask him for money for her support, as she was ill and unable to work. This he refused; but, with regard to a previous agreement, they made a settlement whereby she received payments withheld from her in the past for the support of their two children, one of whom is now 25 years of age and is in the United States Navy; the other, whose age is not given, died two years ago. Libellant returned to Fredonia, N. Y., on January 21, 1945, because of her desire to care for her mother, who is very ill. She states that her intention is to return to Erie where she had come "to get away from every-

thing" and because of her nervous condition, as soon as her services at Fredonia are no longer needed.

In our opinion libellant has not established such a residence within the State of Pennsylvania as to entitle her to a divorce. "The intention required for the acquisition of a domicile of choice is an intention to make a home in fact, and not an intention to acquire a domicile": A. L. I. Restatement of Conflict of Laws §19. Courts should pursue a policy of close scrutiny of the bona fides of the residence of libellants coming before them, particularly the courts of those counties bordering on states having divorce laws less liberal than our own: Elwood v. Elwood, 1 Monroe L. R. 164. When a residence is once acquired, it is presumed to continue until it is shown to have been changed, and when a change is alleged, the burden of proving it rests upon the one making the allegation, and two things are indispensable thereto: First, a residence in a new locality, and, second, the intention to remain there: Alburger v. Alburger, 138 Pa. Superior Ct. 339, 343. Coming to Pennsylvania as the libellant did for the benefit of her health, she, in any type of proceeding, could have proved her residence and domicile to be in New York State. Certainly she cannot at the same time enjoy that privilege in Pennsylvania. It is true that she states her present intention to return but there is no employment, family connection, or other circumstance, to corroborate libellant's contention that this is her home. Residence within the jurisdiction of this court must be established by clear and satisfactory proof which is lacking here.

And now, to wit, June 15, 1945, the report of the master recommending divorce is set aside and the libel is dismissed at the cost of libellant.